Slip Op. - 12 - 44

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| APPLIKON BIOTECHNOLOGY, INC., | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| | : | Consol. Court No. 07-00364 |
| UNITED STATES, | : | |
| Defendant. | : | |

**OPINION AND ORDER**

[On defendant's motion for rehearing, *etc.*, judgment in part for the defendant.]

Decided: March 28, 2012

*Carl D. Cammarata*, Law Offices of George R. Tuttle, A.P.C., of San Francisco, CA, argued for plaintiff.

*Beverly A. Farrell,* International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, argued for the defendant. With her on the brief were *Tony West*, Assistant Attorney General, and *Barbara S. Williams*, Attorney-In-Charge.

Musgrave, Senior Judge: Defendant United States challenges this court's decision in *Applikon Biotechnology, Inc. v. United States*, Slip Op. 11-154 (December 12, 2011) ("*Applikon I*"), familiarity with which is presumed. Defendant moves for rehearing, modification and/or reconsideration to correct "clear error" in the court's decision. According to the government, the decision must be modified to correct the court's failure to correctly classify the imported "BioBundle Cell Culture Bioreactor Systems" and "ez-Control Cell Culture BioBundle Bioreactor Systems" ("the Bioreactor Systems") in two alternate subheadings of Heading 8479, Harmonized

Tariff Schedule of the U.S. ("HTSUS"). The government faults *Applikon I*'s failure to explain the analysis that led the court to classify the merchandise in subheading 8479.82.00, HTSUS. For the reasons explained below, the government's motion is granted to the extent it requests further explanation of the court's decision. The government's motion is denied with regard to its alternate classifications.

The court is loath to reopen the prior proceedings because there lacks "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to correct a manifest injustice."[1] Plaintiff argues that reconsideration is improper where, as appears here, the government seeks to assert classification theories it neglected to present before. Pl's Memorandum in Opposition to Def's Motion for Rehearing, *etc.*, at 3, citing *May Food Manufacturing v. United States*, Slip Op. 09-94, at 3 (CIT, 2009) (reconsideration denied when arguments raised could have been raised previously). Although plaintiff's argument is convincing, in the interest of judicial clarity the court will explain its rationale for classification at the subheading level and why the government's late-stated arguments are unconvincing.

The government argues that the court erred by failing to apply the General Rules of Interpretation ("GRI") at the subheading level in *Applikon I*. If the court had properly applied those rules, it says, the correct classification would have been found in subheading 8479.89.65 or 8479.89.98, HTSUS. This contrasts with the court's decision that subheading 8479.82.00 should apply. The government argues that subheading 8479.82.00 is incorrect because it does not describe "the entire imported merchandise rather than only one component." Def's Memorandum of Law in

---

[1] Def's Brief in Support of its Motion for Rehearing, Modification and/or Reconsideration, ("Def's Br.") at 2, quoting *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006).

Consol. Court No. 07-00364                                                                                   Page 3

Support of [Its] Motion for Rehearing, *etc.* at 7. Ironically, the government's argument fails because of the operation of the GRIs which it asks the court to apply at the subheading level.

        The subheadings in question provide as follows:

8479: Machines and mechanical appliances having individual functions, not specified or included elsewhere in this chapter; parts thereof:

        Other machines and mechanical appliances:

8479.82.00:        Mixing, kneading, crushing, grinding, screening, sifting, homogenizing, emulsifying or stirring machines . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Free

8479.89.00:        Other:
                Electromechanical appliances with
                self-contained electric motor:

8479.89.65:                Other. . . . . . . . . . . . . . . . . . . . 2.8%

                Other:

8479.89.98:                Other. . . . . . . . . . . . . . . . . . . . 2.5%

        Under GRI 6, the GRIs apply, *mutatis mutandis*, to determine classification at the subheading level. The applicable section and chapter notes resolve the subheading classification dispute. Note 4 to Section XVI, HTSUS, provides:

> Where a machine (including a combination of machines) consists of individual components (whether separate or interconnected by piping, by transmission devices, by electric cables or by other devices) intended to contribute together to a clearly defined function covered by one of the headings in chapter 84 or chapter 85, then the whole falls to be classified in the heading appropriate to that function.

Section XVI, Note 4, HTSUS. Note 7 to Chapter 84, HTSUS, instructs:

> [a] machine which is used for more than one purpose is, for purposes of classification, to be treated as if its principal purpose were its sole purpose. . . .

>   Subject to note 2 to this chapter and note 3 to section XVI,[2] a machine the principal purpose of which is not described in any heading or for which no one purpose is the principal purpose is, unless the context otherwise requires, to be classified in heading 8479.

Chapter 84, Note 7, HTSUS (2007) (footnote added). *Applikon I* cited the last sentence of Note 7 as support for classifying the Bioreactor Systems in Heading 8479. *Applikon I*, at 14-15. That Note also frames the court's decision at the subheading level.

In *Applikon I*, the court found it unnecessary to decide whether the mixing or temperature control functions provided the primary function of the Bioreactor Systems.[3] The court found that the Bioreactor Systems' primary function is cell growth, which function is not described in any Chapter 84 heading. In accordance with Chapter 84 Note 7, the court decided that the Bioreactors were properly classified in Heading 8479, HTSUS. *Applikon I*, at 15. However, in addressing the government's motion for rehearing, *etc.*, determining the primary function of the Bioreactor Systems is appropriate in order to apply Section XVI Note 4 and Chapter 84 Note 7 to the subheadings at issue.

The facts found in *Applikon I* show that mixing of the cell culture by the Bioreactor System is integral to the process of growing cells. As stated in *Applikon I*:

>   The homogeneous environment is accomplished by continuous mixing or stirring of the cell culture, and mixing is routinely utilized when operating the Bioreactor

---

[2] As stated in *Applikon I* at 15 n. 4, Note 3 to Section XVI is inapposite. The Bioreactor Systems do not qualify as "composite machines" for purposes of that Note because they are not fitted together to form a whole nor are they mounted to a common base. The Explanatory Notes to Section XVI Note 3 state that "multi-purpose machines . . . are to be classified according to the provisions of Note 7 to Chapter 84". Explanatory Note (VI) to Section XVI, HTS. Therefore, the court is guided by the provisions of Chapter 84 Note 7 rather than Section XVI Note 3.

[3] *Applikon I* at 14. The parties do not argue and the record does not support the notion that one of the other functions of the Bioreactor Systems could be deemed its "primary" function.

> System. The principal function of the Bioreactor is to grow cells in an aseptic, homogeneous environment, and that homogeneous environment is maintained by the mixing function.

*Applikon I* at 2-3, footnotes omitted, citing to Plaintiff's Concise Statement of Facts ("Pl's Stmt. of Facts"), paras. 32 and 16-17. The mixing function is used to effectively control other functions and without it cells will die. *Id.* at 4, citing Pl's Stmt. of Facts, paras. 33, 35. The Bioreactor System is normally only used when the mixing function is required. *Id.* at 6, citing Pl's Stmt. of Facts, para. 46. The mixing function is thus critical to the proper operation of the merchandise.

Examples given in the Explanatory Notes to Note 4 to Section XVI show that machines whose principal purposes are not included in a heading can be classified according to the primary mechanical function used to achieve that purpose. The Notes state that, *e.g.*, irrigation systems are classified in Heading 8424 and asphalt systems in Heading 8474. Those headings refer to, *inter alia*, "[m]echanical appliances (whether or not hand operated) for projecting, dispersing or spraying liquids" (Heading 8424), and "[m]achinery for sorting, screening, separating, washing, crushing, grinding, mixing or kneading earth, stone, ores or other mineral substances" (Heading 8474). The headings do not describe the primary purposes of the devices (irrigation and asphalt manufacture), but rather the mechanical functions used to achieve those purposes.

The Bioreactor Systems' primary purpose of growing cells is achieved through the mechanical function of mixing the cell culture placed in the device. Based on the agreed facts discussed more fully in *Applikon I*, the court finds that for purposes of applying the notes to subheadings 8479.82 and 8479.89, HTSUS, the primary function of the Bioreactor Systems is the

mixing function.[4] Under Note 4 to Section XVI, the various Bioreactor components contribute to the clearly defined function of "[m]ixing, . . . homogenizing, emulsifying or stirring", and they are thus classifiable in subheading 8479.82. The Bioreactors remain classifiable in subheading 8479.82 following application of Chapter 84 Note 7 because their main function is mixing and under that Note that function is treated as "its sole purpose."

    The government argues in its motion for reconsideration that two alternative subheadings (8479.89.65 or 8479.89.98) should apply. This argument fails due to the application of Section XVI Note 4 and Chapter 84 Note 7, described above. Even assuming *arguendo* those notes do not control, under GRI 3(a) the alternative subheadings are less specific than the subheading 8479.82. By definition, an "other" subheading (such as 8479.89) is less specific than a descriptive one (such as 8479.82), assuming both could apply. *Airflow Technology, Inc. v. United States*, 31CIT 524, 483 F. Supp. 2d 1337, 1351 (2007), *reversed and remanded on other grounds*, 524 F.3d 1287 (Fed. Cir. 2008). Finally, the government's argument fails because it improperly compares subheadings at the six-digit (8479.82) and eight-digit levels (8479.89.65). *Orlando Foods Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998).

---

[4] This finding does not affect the court's decision in *Applikon I*. For the reasons described therein, the Bioreactors are not classifiable in Heading 8419 as originally argued by the government due to operation of Chapter 84 Note 2(e). Under Chapter 84 Note 7, because there is no heading in Chapter 84 describing machines which mix material like that used in the Bioreactor Systems, they remain classifiable in Heading 8479.

*Conclusion*

After consideration of the papers and other proceedings in this action, and upon consideration of the government's motion for rehearing, modification and/or reconsideration, Applikon's Bioreactor Systems are correctly classified under subheading 8479.82.00, HTSUS. Defendant's motion is granted in part and denied in part.

SO ORDERED.

/s/ R. Kenton Musgrave
R. Kenton Musgrave, Senior Judge

Dated: March 28, 2012
      New York, New York